# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE

v.

DARRIN L. SWIGGETT,

Defendant.

: ID. No. 1603006458
: In and for Kent County
:
: RK16-03-0518-01 Tier 5 Poss (F)
:
:
:
:

## ORDER

Submitted: January 2, 2018
Decided: January 10, 2018

On this 10th day of January, 2018 upon consideration of Darrin Swiggett's ("Swiggett") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1.    The defendant pled guilty on August 11, 2016 to one count of Aggravated Possession of Heroin, 16 *Del. C.* § 4752(3). He was also facing one count of Drug Dealing Tier 4, one count of Possession of Firearm Ammunition by a Person Prohibited after Drug Conviction; one count of Drug Dealing, one count of Possession of Marijuana and one count of Possession of Drug Paraphernalia. *Nolle prosequis* were entered by the State on the additional charges in exchange for Swiggett's plea. The parties agreed to a recommended sentence of twenty-five years at Level V, suspended for probation after serving the two year minimum mandatory sentence. The Court agreed with the parties' sentencing recommendation and sentenced Swiggett accordingly.

2.    Swiggett did not appeal his conviction or sentence to the Delaware Supreme Court. On September 8, 2016 he filed, *pro se*, a motion for postconviction relief pursuant to Superior Court Criminal Rule 61. Also, on September 8, 2016 Swiggett filed a *pro se* Motion for Modification of Sentence, which was denied September 13, 2016.

3. On October 19, 2017, the Commissioner filed her Report and Recommendation for the denial of Swiggett's Rule 61 Motion. Swiggett filed no exceptions to the Report and Recommendation.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated October 19, 2017,

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is hereby adopted by the Court in its entirety. Accordingly, Swiggett's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is hereby **DENIED.**

/s/Jeffrey J Clark
Judge

JJC/jb

2

# Exhibit A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No.1603006458 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK16-03-0518-01 Tier 5 Poss (F) |
| **DARRIN L. SWIGGETT** | ) | |
| | ) | |
| Defendant. | ) | |


## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61


Gregory R. Babowal, Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

Darrin L. Swiggett, *Pro se.*

FREUD, Commissioner
October 19, 2017

The defendant, Darrin L. Swiggett ("Swiggett"), pled guilty on August 11, 2016 to one count of Aggravated Possession of Heroin, 16 *Del. C.* § 4752(3). He was also facing one count of Drug Dealing Tier 4, one count of Possession of Firearm Ammunition by a Person Prohibited after Drug Conviction; one count of Drug Dealing, one count of Possession of Marijuana and one count of Possession of Drug Paraphernalia. *Nolle prosequis* were entered by the State on the additional charges in exchange for Swiggett's plea. The parties agreed to a recommended sentence of twenty-five years at Level V, suspended after serving two years minimum mandatory

for probation. The Court agreed with the recommendation and sentenced Swiggett accordingly. Had he gone to trial and been found guilty of all charges Swiggett faced substantial jail time.

Swiggett did not appeal his conviction or sentence to the Delaware Supreme Court. On September 8, 2016 he filed, *pro se,* a motion for postconviction relief pursuant to Superior Court Criminal Rule 61. Also on September 8, 2016 Swiggett filed a *pro se* Motion for Modification of Sentence, which was denied September 13, 2016.

## FACTS

Following are the facts as set forth in the affidavit of probable cause signed by Detective Turner of Dover Police Department:

The charges stemmed from a drug surveillance at the First State Inn in Dover, Delaware on March 10, 2016. Detective Turner observed a male standing by a fence near the hotel and then saw Swiggett leave a hotel room and meet with the male behind the hotel. Detective Turner observed what seemed to be a hand to hand drug transaction, then Swiggett returned to the hotel room. The other male entered a vehicle and drove away from the hotel. A traffic stop was conducted on the vehicle, which was being operated by the male from the hotel, Wayne Adkins ("Adkins"), who was alone. Adkins was in possession of 78 heroin bags stamped "Black Tiger." Adkins was transported to Dover Police Department where he was interviewed and admitted to purchasing 78 bags of heroin for $300 from a male he knew as "Swig." A photograph of Darrin Swiggett was shown to Adkins, which he identified as the man he knew as Swig. Dover Police Department obtained a search warrant for the hotel room in which Swiggett was seen exiting and entering. 6,396 bags of heroin were recovered inside blue cellophane bags, which were located in the refrigerator labeled "Black Tiger" and "Turbo" along with 1.7

2

grams of marijuana. Police also recovered thirteen rounds of .357 Magnum Ammunition and 17 rounds of Luger 9mm Ammunition. Swiggett is a convicted felon and is prohibited from possessing ammunition.

## SWIGGETT'S CONTENTIONS

In his motion and accompanying memorandum Swiggett raises the following grounds for relief:

Ground one:    ID NO#: 1603001458.    Indictment by Grand Jury doesn't correspond with - Exhibit A of the police report, complaint number - 5016007400 - Arrest number 002646A W5.

*(Movant on or about 8th day of March, 2016 in the County of Kent, State of Delaware, did knowingly possess with the intent to deliver marijuana, controlled substance).
*(police complaint number 5016007400 charge sequence number: 004.  State of Delaware. Movant did unlawfully deliver a controlled substance 1.7 grams of Herion (sic) total weight).

Ground two:    Conflicting Statements!
Inventory and Affidavit of property taken under search warrant vs. Exhibit B of police report are in conflict of the other.*
(police report state(s): The date and time of offence (sic): Between 03/08/2016, at 16:24 and 03/08/2016 at 16:24).
*(Search warrant states 03/08/2016, at

1415 pm).

Ground three:    Movants Reciprocal Discovery.
Movant had no opportunity to inspect and copy or photograph, tangible objects, or copies or portions thereof, which are within the State or allegedly in the possession, custody of the State and which did not introduce as evidence.

Ground four:    Medical Examination Report!
The Medical Examination Report was never introduced to movant at request, stating the controlled substance was examined; weighed & tested to be proven as stated on the "Indictment and police report." In which movant is entitled to review.

Ground five:    Entrapment!
On Affidavit of Probable cause, lines 14 - 15 - State #(14) that Patrolman First Class Josh Bosenberg obtained a photograph of Darrin L. Swiggett (Black male, date & birth 05/23/88) using the Del. Justice Information.
#(15) That PFC - Bosenberg showed the photograph of Darrin L. Swiggett to Wayne Adkins at which time Adkins positively identified Darrin L. Swiggett ast the person he knows as Swigg who he purchased the controlled substance from.

**DISCUSSION**

Under Delaware law, this Court must first determine whether Swiggett has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claim.[1]   This is Swiggett's first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion, are met. None of Swiggett's claims were raised at the plea, sentencing, or on direct appeal.  Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice.  I cannot discern any allegations of ineffective assistance of counsel or other cause for his failure to have raised his claims earlier; therefore, Swiggett's claims are clearly procedurally barred.  Furthermore he waived all of his constitutional rights by entering his guilty plea.  Additionally his counsel in his Affidavit clearly states he discussed all these issues with Swiggett before the entry of the plea and Swiggett chose to accept the State's plea offer and waive any argument on these issues.

As noted, Swiggett was facing the possibility of substantial time in prison had he been convicted, and the sentence and plea were reasonable under all the circumstances, especially in light of the evidence against him.  Prior to the entry of the plea, Swiggett and his attorney discussed the case.  The plea bargain was clearly advantageous to Swiggett.

To the extent that Swiggett alleges his plea was involuntary, the record contradicts such an allegation.  When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of

---

[1] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

constitutional rights was knowing and voluntary.[2]  At the guilty-plea hearing, the Court asked Swiggett whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty.  The Court asked Swiggett if he understood he would waive his constitutional rights if he pled guilty; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form.  The Court asked Swiggett if he had discussed the guilty plea and its consequences fully with his attorney.  The Court asked Swiggett if he was entering into the plea as he was guilty of the charges.  The Court also asked Swiggett if he was satisfied with this counsel's representation. Swiggett answered each of these questions affirmatively.[3]  I find counsel's representations far more credible than Swiggett's self-serving, vague allegations.

Furthermore, prior to entering his guilty plea, Swiggett signed a Guilty Plea Form and Plea Agreement in his own handwriting.  Swiggett's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement.  Swiggett is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[4]  I confidently find that Swiggett entered his guilty plea knowingly and voluntarily and that Swiggett's grounds for relief are completely meritless.

---

[2] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[3] *State v. Swiggett*, Del. Super., ID No. 1603006458 (Aug. 11, 2016) Tr. at 4-11.

[4] *Sommerville* 703 A.2d at 632.

## CONCLUSION

I find that Swiggett failed to raise any of his claims at the plea or on appeal and has not demonstrated cause for that failure nor has he claimed any prejudice as a result of his claims. In fact he has not alleged he is innocent. I also find that by entering the guilty plea he waived his claims. Additionally I find that Swiggett's guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Swiggett's motion for postconviction relief as procedurally barred and meritless.


/s/ Andrea M. Freud
Commissioner

AMF/dsc

7